**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1943

———————

UNITED STATES OF AMERICA

v.

DANIEL PACHECO-MORALES,
                                        Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cr-00310-007)
District Judge: Honorable Yvette Kane

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 26, 2024

Before: RESTREPO, MATEY, and McKEE, *Circuit Judges*.

(Opinion filed: April 1, 2024)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Daniel Pacheco-Morales appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We will affirm.

In 2015, Pacheco-Morales pleaded guilty to one count of conspiracy to distribute cocaine and heroin, along with one count of distribution of cocaine and heroin. The District Court sentenced Pacheco-Morales to 180 months' imprisonment, a sentence well-within the low end of the Sentencing Guidelines range. In 2020, Pacheco-Morales filed his first motion for a sentence reduction under § 3582(c)(1)(A)(i). The District Court denied the motion, and we affirmed. In January 2022, Pacheco-Morales filed a second motion for a sentence reduction, which the District Court once again denied.

A year later, Pacheco-Morales filed his third motion under § 3582(c)(1)(A)(i), arguing that a reduction was appropriate because of his health and the impact of the COVID-19 pandemic. The District Court assumed Pacheco-Morales demonstrated extraordinary and compelling reasons warranting a sentence reduction. But the District Court nonetheless denied Pacheco-Morales's motion because it found that the factors set forth in 18 U.S.C. § 3553(a) rendered a reduction inappropriate. Pacheco-Morales appealed.[1]

Section 3582(c)(1)(A) permits the sentencing court to "reduce the term of imprisonment" if, after considering the factors set forth in § 3553(a), the court finds that

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Pacheco-Morales's motion for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

"extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). "[A] grant of compassionate release is a purely discretionary decision," *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), and we will not disturb a district court's exercise of its discretion unless we have a "definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

The District Court did not abuse its discretion. The District Court considered possible mitigating factors under § 3553(a) but determined many aggravating factors—including the seriousness of Pacheco-Morales's offenses, his significant criminal history, his threat to kill a confidential informant, his history as a fugitive, and his recidivism—weighed against an exercise of a discretionary reduction. We cannot say that weighing of the § 3553(a) factors was so unreasonable as to constitute a clear error of judgment.

Accordingly, we will affirm the District Court's judgment.